IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00318-CR

 

Mike McKenna d/b/a Bondman Bail Bonds,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 18th District Court

Johnson County, Texas

Trial Court No. B200100005

 



DISSENTING Opinion










 

          The majority disagrees with the trial
court’s decision so they decide the issue de novo, modify the judgment, and
affirm their own decision.  Our standard of review is abuse of discretion, not
a de novo reconsideration.

          The analysis in this case is a review
of factors the trial court considers in making its determination whether all or
part of the bond amount should be remitted to the surety.  The majority, in its
purported “review” of these factors, notes that:

In applying the Gramercy factors, we find
the record reflects the following [then setting out a summary of the record] .
. . .

 

The majority moves from these observations to
its conclusions.  Maj. Op. pg. 4.  The problem with this statement and their
application of the factors is that it is the trial court, not the appellate court
that is to consider and apply these factors.  We are only to review the trial
court’s decision to see if the trial court abused its discretion.

          The error in methodology is amply
demonstrated by the opinion.  After listing the factors the majority believes
it must apply to decide the issue, they make the following observations:

(1) … there is no evidence in the record
regarding any cost or inconvenience to the State in regaining custody of Powell
….

 

(2) …

 

(3) There is no evidence in the record of
Powell’s willful breach of the bond conditions.  However, Mr. McKenna failed to
present any evidence that it was not a willful breach.

 

(4) … There is no evidence of harm to the public
during the intervening period.

 

(5) …

 

(6) The record does not show that the government
suffered any prejudice in prosecuting the criminal case against Powell.

 

Maj. Op. pgs. 5-6.

          First, we must understand our standard
of review.  We should conduct a review of the evidence on the various factors
to determine if the trial court abused its discretion by not granting the
surety an equitable remittitur.

          A factor analysis is fundamentally
different than an elemental analysis.  If this is a factor analysis, and I
believe that it clearly is, the presence or absence of evidence on any single
factor is not relevant to our review of the trial court’s decision.  See In
the Interest of B.R.S., 166 S.W.3d 373, 379 (Tex. App.—Waco 2005, no pet.) (Gray,
C.J., dissenting).  Whereas, if it is an elemental analysis, the absence of
evidence on any single element required for relief would result in a judgment
against the party with the burden of proof on the element.  Id.

          Here, the majority is “modifying” the
judgment due to an absence of evidence but the party with the burden of proof
is receiving the benefit of that “modification.”  This is contrary to all
established concepts of appellate review.

          Further, the majority’s analysis demonstrates
that the majority has placed the burden on the State to avoid a remittitur by
presenting evidence.  This is an erroneous placement of the burden of proof. 
The burden of proof is on the surety to establish that on equitable grounds a
remittitur should be ordered.  See Tex.
Code Crim. Proc. Ann. art. 22.17 (Vernon 1989).  If there is a failure or
absence of proof, it is not because the State failed to present evidence or did
not show it incurred little or no cost.  That burden is on McKenna.  Further, the
majority’s reliance on the fact that there is no evidence in the record of
Powell’s willful breach of the bond conditions, harm to the public, or the
prejudice suffered by the government indicates placement of the burden on the
State.  If McKenna, the surety, wanted these factors to be considered, the
burden was on the surety to show, by evidence, that Powell’s breach was not
willful, why Powell’s presence was not against the public interest, and why the
State was not prejudiced by Powell’s failure to appear.  Obviously, the surety
failed to meet its burden to do so, but the majority is erroneously allocating
this failure to the State and giving McKenna the benefit of the absence of
evidence.

          The failure of proof falls squarely on
the surety – not the State.  If the surety did not show up for the special bill
of review, the State wins.  Likewise, if there is inadequate evidence in the
record to justify a remittitur on equitable grounds, the judgment must be
affirmed – not modified.  There is no more evidence to support the amount to
which the majority reduces the forfeiture, $10,000, than there is to support
the original forfeiture of $25,000.  But it was not the State’s burden to “support”
either amount and McKenna certainly has not, nor has McKenna provided evidence
to “support” a $15,000 remittitur.  The majority is simply making a de novo
determination that $25,000 is too much, zero is not enough, but $10,000 is just
right.  

          The hearing focused on McKenna’s
efforts to locate Powell.  Evidence on this single factor was not enough to
convince the trial court of the surety’s equitable interest in being granted a
remittitur.  I find no abuse of discretion.

I respectfully dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed October 18, 2006

Publish